PER CURIAM.
The father appeals the trial court’s termination of his parental rights. The trial court’s twenty-seven-page final order thoroughly recapitulates the facts of this case. The child, who is HIV-positive, was sheltered when her viral load increased drastically because her medications were not being administered properly. The child requires an intensive regimen of HIV an-tiretroviral medications, some of which must be administered twice daily and carefully measured each time. Failure to administer these medications properly and precisely will be life-threatening to the child.
The Department of Children and Families (“DCF”) prepared a case plan with the goal of reunification. The father was required to attend the child’s medical appointments and prove that he was proficient in measuring and administering the child’s medications. DCF attempted to assist the father by providing information about the medications and even went so far as to offer transportation to the various medical appointments. The trial court concluded that the father did not comply with the case plan, which was not due to any failure of reasonable efforts by the father; instead, the court concluded that the father materially breached the case plan.
*946 We hold that the father did not preserve for appellate review any argument about the sufficiency of the ease plan DCF prepared for him because the father raises the issue for the first time on appeal. Further, we find that even if the father had preserved this issue for appeal, the case plan provided sufficiently specific instructions to the father, who testified at the final hearing that he understood what it required of him. Additionally, competent, substantial evidence supported the trial court’s conclusion that the child would be at risk of harm by the father’s continued involvement: the father missed the majority of the child’s medical appointments; he testified that he could not name the medications the child was currently taking nor could he name the child’s physicians; and he had not demonstrated an ability to measure and administer the child’s vital and demanding regimen of medications. Therefore, we affirm.

Affirmed.

WARNER, HAZOURI and CIKLIN, JJ., concur.