PER CURIAM.
We affirm the final judgment terminating the mother’s parental rights to her HIV-positive daughter. In a separate opinion, we affirmed the same order terminating the parental rights of the child’s father. See E.G. v. State, Dep’t of Children and Families, 97 So.3d 945 (Fla. 4th DCA 2012) (holding that competent substantial evidence supported trial court’s conclusion that HIV-positive child would be at risk of harm by father’s continued involvement where the father had not demonstrated an ability to administer the child’s demanding regimen of medications).
As was the case with the father, the evidence indicated that the child would not receive proper, timely, and regular administration of the HIV medications she required while in the care of the mother. There was ample record evidence that despite the Department’s reasonable efforts to assist the mother, she did not substantially comply with her ease plan, and her continuing involvement in the parent-child relationship threatens the life, safety, and well-being of her medically-needy child, irrespective of the provision for services. The record thus supported the trial court’s conclusions that the Department proved statutory grounds for termination under both section 39.806(l)(e) and 39.806(l)(c), Florida Statutes (2011), that termination was in the manifest best interest of the child, and that termination was the least restrictive means of protecting the child from harm.

Affirmed.

TAYLOR, CIKLIN and LEVINE, JJ„ concur.